IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

AUTREALE NORMAN, §
§
    Plaintiff § Case No. 1:17-cv-140
§
-v- § Hon.
§
JASON MICHAEL KATZ, P.C. §
§
    Defendant. §
§

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff Autreale Norman (hereafter "Plaintiff") brings this action to secure redress from unlawful collection practices engaged in by defendant Jason Michael Katz, P.C. Plaintiff alleges violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Michigan Regulation of Collection Practices Act MCL 445.251 *et seq.* ("MRCPA").

### II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2), as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and Defendant transacts and conducts business in this district.

### III. PARTIES

4. Plaintiff is a natural person residing in Kalamazoo County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA and the MRCPA.

1

5. Defendant is a Michigan corporation, purportedly with offices located at 30665 Northwestern Hwy., Ste. 202 Farmington Hills, MI 48334. The registered agent for Defendant is Jason Katz at 30665 Northwestern Hwy., Ste. 202 Farmington Hills, MI 48334.

6. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant is a "debt collector" as the term is defined and used in the FDCPA and a "Regulated Person" as that term is defined and used in the MRCPA.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff incurred a debt for a consumer vehicle loan with Credit Acceptance Corporation. Any resulting obligation was incurred for personal, family, and household purposes and is a "debt" as the term is defined and used in the FDCPA.

9. The aforementioned creditor claims that Plaintiff has failed to pay his debts and that his account is delinquent.

10. Plaintiff disputes the alleged debt.

11. Plaintiff refuses to pay the alleged debt.

12. Credit Acceptance Corporation placed Plaintiff's account with Defendant for collection.

13. On November 11, 2016, Defendant sent Plaintiff a letter requesting payment of his account in the amount of $6,676.66. A copy of this letter is attached as Exhibit 1.

14. Among other disclosures, the letter states that "If you notify this office within thirty days that this debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you by us."

15. Pursuant to 11 U.S.C. § 1692g requires that either on or within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector must send the customer a written notice containing a statement that if the consumer notifies the debtor <u>in writing</u> within the thirty day period that the debt or any portion thereof is disputed, the debt collector will obtain verification of the debt.

16. The verification notice requirement found in §1692g must state that a writing is required. If the dispute is not made in writing, the debt collector is under no obligation to obtain verification of the debt. *See* Jerman v. Carlisle, 130 U.S. 1605 (2010).

17. By failing to include the words "in writing" Defendant violated the FDCPA 15 U.S.C. §1692g.

18. Shortly after receiving the letter, Plaintiff contacted Defendant's office to discuss the matter. Plaintiff spoke with a woman whose name he cannot remember, but during their conversation the following statements were made:

    a. The Plaintiff inquired about setting up a repayment plan and was given a monthly amount that Defendant would agree to. Plaintiff informed Defendant that the amount was too high for his budget.

    b. Defendant's employee then stated that he needed to pay and threatened that "we are going to get our money either way."

19. Pursuant to 15 U.S.C. §1692e(4) a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt including the representation or implication that nonpayment of any debt will result in garnishment unless such action is lawful and the debt collector intends to take such action.

20. Pursuant to MCL §445.252(f)(iii) a regulated person may not misrepresent that the nonpayment of a debt will result in garnishment.

21. Prior to garnishing Plaintiff's wages or property Defendant would be required to sue Plaintiff and obtain a judgment against him, only then could a writ of garnishment be obtained.

22. At the time the threat was made, Defendant did not intend to garnish Plaintiff's wages, nor could he legally have done so.

23. The acts and omissions of Defendant were done willfully and intentionally.

24. Defendant violated MCL §445.252(q) by failing to implement a procedure designed to prevent a violation of the MRCPA by an employee.

25. As an actual and proximate result of Defendant's acts and omissions, Plaintiff has suffered actual damages and injury for which he should be compensated in an amount to be established by jury at trial including but not limited to financial loss, fear, stress, mental anguish, emotional stress, embarrassment, and suffering, for which he should be compensated in an amount to be established by jury at trial.

## V. TRIAL BY JURY

26. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## IV. CLAIMS FOR RELIEF

27. Defendant has violated the FDCPA. Defendants violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. §1692g by failing to adequately disclose Plaintiff's verification rights.

    b. Defendant violated 15 U.S.C. §1692e by using false or misleading represntations in an attempt to collect a debt.

**Wherefore,** Plaintiff seeks judgment against Defendant for:

   a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

   d) Such further relief as the court deems just and equitable.

28. Defendant has violated the MRCPA. Defendant's violations of the MRCPA include, but are not limited to the following:

    a. Defendant violated MCL §445.252(f)(iii) misrepresenting that nonpayment of a debt would result in garnishment.

    b. Defendant violated MCL §445.252(q) by failing to implement a procedure designed to prevent a violation of the MRCPA by an employee.

**Wherefore**, Plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to MCL §445.257(2);

b) Treble the actual damages pursuant to MCL §445.257(2);

c) Statutory damages pursuant to MCL §445.257(2);

d) Reasonable attorney's fees and court costs pursuant to MCL §445.257(2); and

e) Equitable relief pursuant to MCL §445.257(2).

| Dated: February 13, 2017 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|